IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KENDAL STEWART, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:14-cv-03015-SRB |
| ) | |
| JENNIFER SACHSE, et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER**

Petitioner, a convicted state prisoner currently confined at the Missouri Eastern Correctional Center,[1] has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. A jury convicted Petitioner of one count of stalking and one count of violating a full order of protection issued to Petitioner's ex-wife, C.P. Petitioner was sentenced to consecutive, five-year sentences on the two convictions.[2] Petitioner now seeks to overturn his convictions on six grounds:

(1) Ineffective assistance by Petitioner's direct appeal counsel for failing to raise as a point of error that the statutes of conviction, Mo. Rev. Stat. §§ 565.225, 455.010 and 455.085 (2007),[3] are unconstitutionally vague;

(2) Ineffective assistance by Petitioner's first trial counsel for withdrawing representation after the preliminary hearing, and ineffective assistance by

---

[1] Petitioner sent notice to the Court dated 4/15/14 that he was transferred to MECC. [Notice of Change of Address, Doc. No. 11]. Accordingly, and as there is no objection by either party, Jennifer Sachse, Warden of MECC, will be substituted for James Hurley as the proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases.

[2] Petitioner is serving the first of his two, consecutive sentences. As the Petitioner challenges a conviction for which he "may be subject to future custody" and neither party objects, Attorney General Chris Koster will be added as a proper party respondent. Rule 2(b), Rules Governing Section 2254 Cases.

[3] All references to Missouri statutes are to RSMo Cum. Supp. 2007.

Petitioner's second trial counsel for requesting a continuance of the trial date without Petitioner's consent;

(3) Violation of a plea agreement by the State for requesting consecutive rather than concurrent sentences;

(4) Violation of Petitioner's right to be free from double jeopardy as a result of his convictions for stalking and violating a full order of protection;

(5) Violation of Petitioner's right to due process because one of the judges involved in Petitioner's matter, who did not preside over the trial, had a conflict of interest in that he previously represented Petitioner in 1987; and

(6) Violation of Petitioner's right to due process when the trial court allowed the jury to hear and see evidence mentioning other of the Petitioner's past crimes.

Petitioner's writ of habeas corpus must be denied. The Court may not consider grounds 2, 3 and 5 as Petitioner failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A), and Petitioner has procedurally defaulted these claims. The Missouri Court of Appeals reviewed grounds 4 and 6 for plain error on direct appeal as Petitioner did not object to these issues at trial. This Court cannot engage in plain error review in a section 2254 proceeding, but even if it could, Petitioner has not established plain error. Finally, a writ will not issue on ground 1 as Petitioner has failed to establish that his direct appeal counsel acted in a prejudicially deficient manner by not challenging the constitutionality of Mo. Rev. Stat. §§ 565.225, 455.010 and 455.085 on appeal.

### I. Factual Background

In affirming Petitioner's convictions and sentences, the Missouri Court of Appeals, Western District, set forth the following facts:

> C.P. and [Petitioner] got married in 1996. Around 2003, [Petitioner] started to use drugs and became "very abusive" in their relationship. In February 2006, [Petitioner] broke into C.P.'s house and made her sit in a chair with the claw of a hammer pressed against her skull. This went on for four hours while [Petitioner] threatened to kill C.P. and then himself. The hammer claws left imprints in C.P.'s skin. On another occasion, [Petitioner] heated the end of a clothes hanger with a lighter and threatened to burn C.P. in "places so no man would ever want [her] again." In June or July 2006, [Petitioner] grabbed C.P. on the street and threatened to cut off her head. C.P. was able to break loose and run away.
>
> In August 2006, [Petitioner] came to C.P.'s home and beat her up "real bad." He also stomped on the backs of her legs. She went to a domestic violence shelter because she "knew [Petitioner] was going to kill [her]." As a result of the injuries C.P. sustained, she "was in a wheelchair for 16 days with almost a blood clot to [her] heart." After C.P. got out of the domestic violence shelter, she stayed with her sister for about three months. [Petitioner] constantly called and came by the house, so C.P. "just had to stay hid." On one occasion, [Petitioner] used some barrels in the yard to barricade C.P. and her sister inside the house. The police came to the house regularly. On August 16, 2006, C.P. obtained an ex parte order of protection against [Petitioner] from the Circuit Court of Greene County,

Missouri. On October 19, 2006, C.P. obtained a full order of protection against [Petitioner] that was effective for one year.

After a brief lull, C.P.'s contact with [Petitioner] resumed in June 2007. [Petitioner] began constantly driving by C.P.'s house. She returned to the domestic violence shelter because [Petitioner] was harassing and stalking her. When C.P. and several other women left the shelter periodically to return to C.P.'s home, they saw [Petitioner] driving up and down the street. He would park and watch C.P. An aerial view was admitted as Exhibit 102. Using the exhibit, C.P. explained to the jury where [Petitioner] would drive and park his car. C.P. reported these incidents to police. In October 2007, C.P. obtained a one-year extension of her full order of protection.

After another brief lull, C.P.'s contact with [Petitioner] resumed. In January 2008, C.P. awoke one morning after a snow storm. [Petitioner] had written his name in the snow on C.P.'s car, and there were footprints everywhere. Later that month, C.P. noticed that [Petitioner] had followed her to the laundromat. She left her clothes there and returned home. Three days later, C.P. was driving to the laundromat when "I seen this car in my mirror. It was going like a hundred miles an hour, so I knew it was him. And I knew he was going to hit me. He was just coming right at me." C.P. called the prosecutor on a cell phone and was advised to run inside the laundromat and wait there until the police arrived. There were also a number of occasions when [Petitioner] would come to C.P.'s residence in the middle of the night and hammer on the side of the house. When C.P. would look out of her window, she would see [Petitioner] running

4

away and call 911. [Petitioner] also broke into C.P.'s house and stole all of her clothing. During this time period, C.P. filed with the police at least six incident reports involving [Petitioner].

C.P. said all these activities had a significant emotional effect on her and that she became "petrified" of [Petitioner] because he was "a very dangerous man." [Petitioner's] stalking scared C.P. because of all the time [Petitioner] had beaten her up and threatened to kill her in the past. C.P. was on medication, saw a psychiatrist monthly, and had been diagnosed with battered-women's syndrome and post-traumatic depression. [Petitioner's] conduct destroyed C.P.'s self-esteem. *State v. Stewart*, 343 S.W.3d 373, 375-376 (Mo. Ct. App. 2011).

Petitioner was charged by amended information as a persistent offender with two counts of stalking (Counts I and II) and one count of violating an order of protection (Count III). Petitioner was also charged as one who had been found guilty of stalking in the last five years and one who had pleaded guilty to violation of an order of protection in the last five years, allowing his convictions to be punishable as class C and D felonies. *Id.* at 374 n.1.

## II.     Procedural Background

Leading up to trial, Petitioner was represented by two different counsel. His first counsel withdrew after the preliminary hearing, which Petitioner now claims constituted ineffective assistance. Petitioner's second counsel withdrew after a Faretta hearing in which Petitioner knowingly and voluntarily waived his right to counsel. *See* Order Denying Movant's Motion to Vacate, Set Aside or Correct Judgment and Sentence Under Rule 29.15, Case No. 1131-CV11899, Circuit Court of Greene County, Missouri [Legal File, Doc. 18-1, p. 56]. On October 20, 2009, Petitioner proceeded pro se at trial.

Petitioner, represented by counsel, appealed his convictions and resulting sentences to the Missouri Court of Appeals raising three points of error: (1) violation of Petitioner's right to be free from double jeopardy resulting from his convictions for stalking and violation of a full order of protection; (2) improper admission of C.P.'s testimony regarding prior physical abuse; and (3) improper admission of Exhibit 101 without redacting mention of other crimes. *State v. Stewart*, 343 S.W.3d at 376, 379. All three points were reviewed for plain error as Petitioner did not object to any of the three points at trial. *Id.* Petitioner's appeal was denied and his convictions affirmed on July 26, 2011.

Petitioner then sought post-conviction relief by filing a Motion to Vacate, Set Aside or Correct Judgment and Sentence Under Supreme Court Rule 29.15 in the Circuit Court of Greene County, Missouri. Petitioner raised six points of error in his Rule 29.15 proceeding: (1) ineffective assistance by his direct appeal counsel for failing to argue that Mo. Rev. Stat. §§ 565.225, 455.010, and 455.085 were unconstitutionally vague; (2) ineffective assistance by his first trial counsel for withdrawing after the preliminary hearing; (3) ineffective assistance by his second trial counsel for seeking a continuance of the trial date without Petitioner's consent; (4) violation of a plea agreement with the State by requesting consecutive rather than concurrent sentences; (5) a conflict of interest on the part of one of the judges involved in Petitioner's case, although he did not preside over the trial, because the judge represented Petitioner in another matter in 1987; and (6) violation of Petitioner's right to due process for late disclosure of evidence by the assistant prosecuting attorney. *See* Order Denying Movant's Motion [Legal File, Doc. 18-1, p. 53]. After a hearing, Petitioner's motion was denied.

On appeal from denial of Petitioner's motion for post-conviction relief, once again before the Missouri Court of Appeals, Petitioner through his counsel raised only one point of error: (1)

6

ineffective assistance by his direct appeal counsel for failing to argue that Mo. Rev. Stat. §§ 565.225, 455.010, and 455.085 were unconstitutionally vague. By summary order without a written opinion dated January 8, 2013, the Missouri Court of Appeals denied Petitioner's post-conviction appeal and affirmed his convictions and sentences. [Legal File, Doc. 18-6, p. 1]. Petitioner then filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254.

### III. Discussion

#### *Grounds 2, 3 and 5*

"Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988)). In Missouri, a claim presented in a Rule 29.15 proceeding that is not raised on appeal from denial of the Rule 29.15 motion is considered defaulted. *See Arnold v. Dormire*, 675 F.3d 1082, 1086-1087 (8th Cir. 2012) (denying writ under section 2254 based on procedural default without cause where state prisoner sought review of claims not raised in the appeal from denial of his Rule 29.15 motion).

This Court cannot review Petitioner's procedurally defaulted claims of error "unless [Petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Petitioner admits he did not raise grounds 2, 3 and 5 in the appeal from denial of his Rule 29.15 motion, but argues that fault lies with his counsel as Petitioner had no "power or authority of raising the allegations on the appellate brief himself." [Petitioner's

7

Traverse, Doc. 26, pp. 13-14]. Petitioner does not argue and this Court does not decide whether Petitioner's post-conviction appellate counsel committed any error in not raising grounds 2, 3 and 5 on appeal. Regardless, post-conviction appellate counsel's conduct cannot constitute "cause" excusing Petitioner's procedural default.

In *Coleman* the Supreme Court held that "cause" must be something *external* to the petitioner, something that cannot fairly be attributed to him." 501 U.S. at 753, 111 S.Ct. 2546. Ineffective assistance of counsel in contravention of the Sixth Amendment guarantee will constitute cause. *Id.* at 753-54, 111 S.Ct. 2546. Ineffective assistance by counsel on appeal from a post-conviction proceeding cannot constitute cause to excuse procedural default, however, as the Sixth Amendment is not implicated. *See id.* at 757, 111 S.Ct. 2546 ("Because Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas."); *see also Arnold*, 675 F.3d at 1087 ("[A]ny error by post-conviction appellate counsel would not constitute cause to excuse Arnold's procedural default.").

Further, the narrow exception to *Coleman* announced in *Martinez v. Ryan* does not apply here as Petitioner was represented by counsel in his Rule 29.15 proceeding, and he does not claim ineffective assistance of counsel in that proceeding. *See Martinez*, 566 U.S. ____, ____, 132 S.Ct. 1309, 1319, 182 L.Ed.2d 272 (2012) (holding that when a State requires ineffective assistance of counsel claims be brought first in post-conviction proceedings, cause excusing default will exist where the State court did not appoint counsel in the initial, post-conviction proceeding or where appointed counsel in the initial, post-conviction proceeding rendered ineffective assistance).

8

Petitioner has failed to establish cause for his default and has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006) (The fundamental miscarriage of justice exception "requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted."), *cert. denied*, 549 U.S. 1036 (2006). As a result, Grounds 2, 3 and 5 are dismissed.

### *Grounds 4 and 6*

The Missouri Court of Appeals reviewed grounds 4 and 6 for plain error in Petitioner's direct appeal and found none.[4] *State v. Stewart*, 343 S.W.3d at 376, 379-80. Petitioner admits that he did not object to these issues at trial but argues this Court should also review grounds 4 and 6 for plain error.

Currently, there is a split within the Eighth Circuit with respect to plain error review and procedural bar. One line of cases stands for the proposition that "a properly limited plain error review by a state court does not cure a procedural default." *See, e.g., Toney v. Gammon*, 79 F.3d 693, 699 (8th Cir. 1996). Another line of cases holds that, when a State court conducts a plain error review, the federal courts may also review for plain error. *See, e.g., Hornbuckle v. Groose*, 106 F.3d 253, 257 (8th Cir. 1997), *cert. denied* 522 U.S. 873 (1997); *Sweet v. Delo*, 125 F.3d 1144, 1152 (8th Cir. 1997); *cert. denied*, 523 U.S. 1010 (1998).

The Eighth Circuit Court of Appeals, ruling en banc, has proclaimed that a panel may not choose among conflicting prior decisions and "when faced with conflicting panel opinions, the earliest opinion must be followed 'as it should have controlled the subsequent panels that created

---

[4] As presented to the Missouri Court of Appeals, ground 6 was split into two separate grounds for relief. In his habeas petition to this Court, Petitioner presents the issues as one ground for relief. Because the resolution of the issues is the same, this Court will consider the issues as one ground for relief.

the conflict.'" *Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (quoting *T.L. ex rel. Ingram v. United States*, 443 F.3d 956, 960 (8th Cir. 2006)). The Eighth Circuit's earliest decision concluded that a habeas petitioner is not entitled to an independent determination by a federal habeas court after plain error review by a State court. *Hayes v. Lockhart*, 766 F.2d 1247, 1252-53 (8th Cir. 1985) ("The burden of justifying federal habeas relief for state prisoners is greater than the 'plain error' showing required on direct appeal."). Therefore, grounds 4 and 6 are procedurally defaulted.

Alternatively, the Missouri Court of Appeals' decision finding no plain error is reasonable and entitled to deference. On ground 4, Petitioner argued to the Missouri Court of Appeals, as he does to this Court, that his convictions on Counts II and III – stalking and violation of a full order of protection – constituted multiple punishments for the same offense. The Court of Appeals held that stalking was not a lesser included offense of the crime of violating a full order of protection because the crimes have different elements. The court stated:

> To convict Defendant on Count II, the jurors were required to find that Defendant caused C.P. substantial emotional distress. To convict Defendant on Count III, the jurors were required to find that Defendant caused alarm to C.P., which meant that she had to be in fear of danger of physical harm. These two elements are not the same. Accordingly, the Count II crime of stalking is not a lesser-included offense of the Count III crime of violating an order of protection. *See McTush*, 827 S.W.2d at 188.

*State v. Stewart*, 343 S.W.3d at 378.

The Court of Appeals further held that stalking is not a specific instance of the general conduct of violating an order of protection. The court stated:

In our view, the legislature's decision to impose a criminal penalty for violating an order of protection is designed to promote a respect for, and a willingness to abide by, a judicial decision entered in a civil order of protection proceeding. This is readily apparent from the requirement that, to be convicted of this crime, the State must prove: (1) an order of protection was entered against the defendant that prohibited certain conduct; and (2) the defendant either had been served with the order or was aware of its existence. *See* § 455.085.2 RSMo (2000); MAI-CR 3d 332.52. *Id.* at 378-79.

Petitioner has failed to show that the Missouri Court of Appeals' decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, ground 4 is denied.

On ground 6, Petitioner argued to the Missouri Court of Appeals, as he does here, that the trial court committed plain error in allowing C.P. to testify about her prior physical abuse by Petitioner and in admitting Exhibit 101 in evidence without redacting the mention of other crimes. The court held:

> [T]he State was required to prove that [Petitioner's] actions were not an accident or a mistake, but rather that he "purposefully" stalked C.P. and "knowingly" violated the terms of the order of protection. Additionally, the State had to prove that [Petitioner] knew his stalking of C.P. would cause her "substantial emotional distress" and "alarm." *See* §§ 565.225, 455.010(10)(a). [Petitioner's] history of abuse toward C.P. showed his animosity toward her, as

11

> well as his willingness to commit violence against her. Accordingly, C.P.'s testimony and Exhibit 101 were directly relevant and material to issues the jurors had to decide. The prior acts of physical abuse were logically and legally relevant to prove that [Petitioner's] stalking was purposeful and could have caused C.P. to suffer substantial emotional distress and alarm. The probative value of this evidence outweighed any prejudicial effect upon [Petitioner].

*State v. Stewart*, 343 S.W.3d at 379-80.

Again, Petitioner has failed to show that the Missouri Court of Appeals' decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, ground 6 is also denied.

### *Ground 1*

The sole remaining ground on which Petitioner bases his petition for writ of habeas corpus is ground 1 – that his counsel on direct appeal provided ineffective assistance in failing to raise as a point of error before the Missouri Supreme Court that Mo. Rev. Stat. §§ 565.225, 455.010, and 455.085 were unconstitutionally vague. Specifically, Petitioner argues that the terms "emotional distress," "substantial emotional distress," and "legitimate purpose" are unconstitutionally vague, and a reasonably competent attorney would have argued such on direct appeal. [Traverse, Doc. 26, p. 8]. Petitioner admits that he did not object to the statutory language at trial, and any review by the Missouri Court of Appeals would have been for plain error. [Traverse, Doc. 26, p. 8].

12

The standards for evaluating ineffective assistance of counsel are set forth in *Strickland v. Washington*. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Supreme Court established a two-step process for proving ineffective assistance:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id.* at 687, 104 S.Ct. 2052.
>
> In evaluating a claim of ineffective assistance of counsel, "[j]udicial scrutiny of counsel's performance must be highly deferential[,]" and "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. 2052.

In denying Petitioner's Rule 29.15 motion on this ground, the circuit court held that appellate counsel cannot be found ineffective for failing to raise a non-meritorious claim that was not preserved for appellate review. *See* Order Denying Movant's Motion [Legal File, Doc. 18-1, p. 55]. The circuit court's ruling and the Missouri Court of Appeals' memorandum order approving that ruling were reasonable and are entitled to deference.

According to the Eighth Circuit, "The decision to forgo a plain error claim is usually the result of a reasonable winnowing of weaker appellate claims. Therefore, we rarely conclude that an appellate attorney's performance was constitutionally deficient for not raising such a claim."

13

*Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998) (citation omitted). Here, Petitioner has presented no evidence that appellate counsel's decision not to raise ground 1 was based on anything other than appellate strategy. Furthermore, since Petitioner's direct appeal, the Missouri Supreme Court has held that the term "emotional distress" is not vague but is a word with "common understanding." *State v. Vaughn*, 366 S.W.3d 513, 521 (Mo. 2012) (en banc).

Petitioner has failed to show that the State courts' decision to deny relief on ground 1 "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(1)-(2). Ground 1 is denied.

**Accordingly, it is ORDERED that:**

(1) Jennifer Sachse is substituted for James Hurley as a proper party respondent in this case. Rule 2(a), Rules Governing Section 2254 Cases;

(2) Attorney General Chris Koster is added as a proper party respondent in this case. Rule 2(b), Rules Governing Section 2254 Cases;

(3) Petitioner's petition for writ of habeas corpus is denied; and

(4) this case is dismissed with prejudice.

s/ Stephen R. Bough  
STEPHEN R. BOUGH  
United States District Judge

Dated: <u>February 13, 2015</u>  
Kansas City, Missouri